[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 4, 2007
THOMAS K. KAHN
CLERK

No. 06-13990
Non-Argument Calendar
_____

D. C. Docket No. 04-00347-CV-ORL-31-DAB

BARBARA FLUHARTY JOWERS DARWIN,

Plaintiff-Appellant,

versus

JIM NICHOLSON,
Secretary of Veterans Affairs,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 4, 2007)**

Before ANDERSON, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Barbara Fluharty Jowers Darwin, proceeding pro se, appeals the district

court's entry of summary judgment in favor of the Secretary of Veterans Affairs, in

Darwin's action alleging disability discrimination, in violation of the Rehabilitation Act of 1973, 29 U.S.C. 791 et seq. On appeal, Darwin argues: (1) the district court erred by considering her unsigned deposition in entering summary judgment; and (2) the district court erred by entering summary judgment on her discrimination claim because there were disputed issues of material fact, including whether she was disabled, whether she could not perform her duties with a reasonable accommodation, and whether she was offered a reasonable accommodation.[1] After careful review, we affirm.

District courts are entitled to broad discretion in managing pretrial discovery matters. Klay v. All Defendants, 425 F.3d 977, 982 (11th Cir. 2005). Thus, we review a district court's discovery rulings for an abuse of discretion. Hinson v. Clinch County, Ga. Bd. of Educ., 231 F.3d 821, 826 (11th Cir. 2000); see also Iraola & CIA, S.A. v. Kimberly-Clark Corp., 325 F.3d 1274, 1286 (11th Cir. 2003) (holding that the Court "will not overturn discovery rulings unless it is shown that the [d]istrict [c]ourt's ruling resulted in substantial harm to the appellant's case." (internal quotations omitted)).

We review a district court's grant of summary judgment de novo, viewing all evidence in a light most favorable to the non-moving party. Witter v. Delta Air

---

[1] To the extent Darwin also challenges the district court's grant of summary judgment on her retaliation claim, we discern no reversible error.

Lines, Inc., 138 F.3d 1366, 1369 (11th Cir. 1998). "Summary judgment is proper if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Cash v. Smith, 231 F.3d 1301, 1305 (11th Cir. 2000) (citations omitted).

First, Darwin argues that the district court abused its discretion in considering, as part of its summary judgment analysis, her deposition. Darwin urges that because she is deaf and did not have an interpreter when the deposition was taken, and because she was never able to review her deposition, although she requested the opportunity to do so, it should not have been considered at summary judgment.

Depositions generally are admissible provided that the party against whom they are admitted was present, represented, or reasonably noticed, pursuant to Rule 32(a) of the Federal Rules of Civil Procedure. See Nippon Credit Bank, Ltd. v. Matthews, 291 F.3d 738, 751 (11th Cir. 2002). Moreover, depositions are specifically allowed in consideration of summary judgment. See id. Rule 30(e) of the Federal Rules of Civil Procedure further provides the following:

> If requested by the deponent or a party before completion of the deposition, the deponent shall have 30 days after being notified by the officer that the transcript or the recording is available in which to review the transcript or recording and, if there are changes in form or substance, to sign a statement reciting such changes and the reasons given by the deponent for making them.

3

Fed. R. Civ. P. 30(e).

"Errors and irregularities in the manner in which the testimony is . . . dealt with by the officer under Rules 30 and 31 are waived unless a motion to suppress the deposition or some part thereof is made with reasonable promptness after such defect is, or with diligence might have been, ascertained." Fed. R. Civ. P. 32(d)(4). Also, errors and irregularities in the manner of taking the deposition or any other errors that might be "obviated, removed, or cured if promptly presented, are waived unless seasonable objection thereto is made at the taking of the deposition." Fed. R. Civ. P. 32(d)(3)(B).

Here, Darwin filed no motion to suppress , nor did she lodge a seasonable objection, either prior to or at the time she received the Secretary's motion for summary judgment. See Fed.R.Civ.P. 32(d)(4).[2] Moreover, and more importantly, on appeal, Darwin has failed to show how her case was substantially harmed by the denial of an opportunity to review the testimony. See Iraola & C.I.A. v. Kimberly-Clark Corp, 325 F.3d 1274, 1286 (11th Cir. 2003). Indeed, she has not pointed to any testimony that was erroneous. In short, the district court did not

---

[2] Notably, Darwin also indicated during the deposition that, as far as she could tell, she could hear 100 percent of what was being asked. Because any problems that Darwin had could likely have been cured if promptly presented at the deposition, Darwin waived any objection by failing to raise it in a timely fashion during the deposition. See Fed. R. Civ. P. 32(d)(3)(B).

4

abuse its discretion in relying on Darwin's testimony in granting summary judgment. See Hinson, 231 F.3d at 826.

We likewise are unpersuaded by Darwin's argument that the district court erred by entering summary judgment on her discrimination claim under the Rehabilitation Act, which "prohibits federal agencies from discriminating in employment against otherwise qualified individuals with a disability."[3] Sutton v. Lader, 185 F.3d 1203, 1207 (11th Cir. 1999). In order to establish a prima facie case of discrimination, Darwin must demonstrate that she (1) is disabled, (2) is a qualified individual, and (3) was subjected to unlawful discrimination because of her disability. Id. The first factor is dispositive in the instant case.

The Rehabilitation Act defines an "individual with a disability" as any person who: '(i) has a physical or mental impairment which substantially limits one or more of such person's major life activities; (ii) has a record of such an impairment; or (iii) is regarded as having such an impairment."[4] Mullins v. Crowell, 228 F.3d 1305, 1313 (11th Cir. 2000). A court generally determines the

---

[3] "Discrimination claims under the Rehabilitation Act are governed by the same standards used in ADA cases." Cash, 231 F.3d at 1305.

[4] Darwin's arguments, both in the district court and on appeal, implicate only the first definition. Darwin contends that she is "actually disabled," but makes no argument that she was an individual with a disability because she was "regarded as" or had a "record of" a disability. Accordingly, we consider only whether the district court's entry of summary judgment, based on actual disability, was error.

5

existence of a disability, under the first definition, by making a three-point assessment of whether: (1) a plaintiff's injury is a physical impairment; (2) the activities that the plaintiff claims are limited by his injury qualify as major life activities; and (3) the injury substantially limits the major life activities he identifies. See Bragdon v. Abbott, 524 U.S. 624, 631 (1998).

Here, Darwin contended she was disabled based on (1) hearing; (2) her medical restrictions as to walking, standing, and lifting; or (3) her ability to work. In a thorough and well-reasoned 30-page Report and Recommendation, which the district court adopted, the magistrate judge found that Darwin was able to hear with the use of a hearing aid, and that there was no evidence that Darwin's restrictions substantially limited her activities when compared to the general populace. Moreover, the magistrate judge reasoned that Darwin had identified jobs that she was qualified to perform. Thus, she was not an "individual with a disability," within the meaning of the Rehabilitation Act. After a de novo review of the record, we discern no error in the district court's entry of summary judgment on this basis.[5]

**AFFIRMED.**

---

[5]Based on Darwin's failure to satisfy her burden, at the summary judgment stage, on the first factors of her prima facie case, we need not, and do not, consider her arguments on the other factors.